### In re MANNING.

### Ex parte SMITH.

#### (District Court, E. D. South Carolina. July 22, 1913.)

1. CHATTEL MORTGAGES (§ 41*)—VALIDITY—DESCRIPTION OF PROPERTY.

Under Civ. Code S. C. 1912, § 4103, which provides that no chattel mortgage shall be good unless the property mortgaged shall be described in writing or typewriting, but not printing, on the face of the mortgage, as construed by the Supreme Court of the state, a mortgage of crops contained only in the printed portion of a mortgage is void.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 84; Dec. Dig. § 41.*]

2. COURTS (§ 366*)—FEDERAL COURTS—AUTHORITY OF STATE DECISIONS.

On a question of the validity of a chattel mortgage arising between citizens of the same state in which the mortgage was executed and the property is situated, the construction and application of a state statute as determined by the highest court of the state is controlling in a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954-957, 960-968; Dec. Dig. § 366.*]

In the Matter of Marshall Manning, bankrupt; P. J. Smith, trustee. On review of order of Referee. Reversed.

Townsend & Rogers, of Bennettsville, S. C., for bankrupt.

SMITH, District Judge. This matter comes up on a petition to review an order of the referee in bankruptcy allowing a claim on behalf of one A. L. Calhoun as a preferred claim secured by a mortgage of the crops of the bankrupt.

[1] It appears that on April 4, 1912, the bankrupt, a resident of Marlboro county in South Carolina, gave to A. L. Calhoun, also a resident of that county, a paper purporting to be a chattel mortgage to se-

cure $300 and interest. The paper is in the form of a printed blank chattel mortgage. It contains a blank space of several lines left for the insertion of the description of the goods or chattels to be mortgaged. Then follows in print the words:

"And also all the crop or crops (which are acknowledged and agreed to be personal property) whether matured or unmatured, gathered or ungathered, raised or to be raised by me (the word 'me' written) during the year 1912 (the figures 12 written)."

This mortgage the trustee in bankruptcy claims to be invalid and void under the terms of section 4103 of the Code of Laws of S. C. 1912, which declares that:

"No chattel mortgage, except mortgages or deeds of trust covering the whole or any part of the real or personal property of a railroad company or manufacturing company, shall be valid or good to convey any interest or right whatever to the mortgagee unless the property mortgaged shall be described in writing, or typewriting, but not printing, on the face of the mortgage."

This section has been held by the Supreme Court of South Carolina to be valid and constitutional and that a mortgage of crops when contained in a printed clause as an attempted chattel mortgage was void. Rose v. Harllee, 69 S. C. 523, 48 S. E. 541.

[2] On a question of this kind arising between citizens of South Carolina under a chattel mortgage made in South Carolina, of chattels situated in South Carolina, the statute law of South Carolina as con-strued and held valid by the Supreme Court of South Carolina must control, and, accordingly:

It is ordered that the order of the referee in bankruptcy allowing this mortgage as a good and valid mortgage of the crops of the bank-rupt be and the same is hereby reversed, and it is hereby adjudged that the mortgage or paper purporting to be a chattel mortgage dated April 4, 1912, made by the bankrupt, Marshall Manning, to A. L. Calhoun, is null, void, and of no effect as a mortgage of the crops of the bank-rupt.